978 F.2d 1260
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Frederick Lebron STOUDEMIRE, Defendant-Appellant.
 No. 92-5288.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1992.
 
 Before BOYCE F. MARTIN, Jr. and KENNEDY, Circuit Judges, and GRAHAM, District Judge.*
 PER CURIAM.
 
 
 1
 Frederick Stoudemire appeals the district court's decision to deny his motion to suppress evidence seized at the time of the defendant's arrest. Under a plea agreement, he pled to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). He challenges the district court's ruling on the basis that there was a Fourth Amendment seizure violation and there was not a reasonable basis for an investigative seizure. For the following reasons, we affirm.
 
 I.
 
 2
 On the night of November 14, 1990, Officer Allan Franks and three other members of the Chattanooga Police Department went in two patrol cars to Heaton Street in Chattanooga, Tennessee. Heaton Street is located in an area known for criminal activity. When the patrol cars arrived, Stoudemire and five other men walked away from the street towards a porch in a public housing project. Franks suspected drug-dealing activity.
 
 
 3
 After parking the patrol cars, the four officers approached the group of men on foot. According to Franks, the six men appeared nervous. Franks told the group to put their hands on the wall in preparation for a pat-down search. Several of the men followed Franks' instructions, but Stoudemire began to run away.
 
 
 4
 Three of the four officers chased Stoudemire. The officers observed that Stoudemire put his hand in his pants pocket. The police did not know whether he was armed or whether he had drugs. The police tackled Stoudemire and executed a search. The officers discovered that Stoudemire had a pistol and seven rocks of crack cocaine in his possession. During the searches of the other five men, the officers found neither weapons nor drugs.
 
 
 5
 On August 14, 1991, Stoudemire was indicted and charged with being a felon in possession of a firearm. On November 12, 1991, Stoudemire filed his motion to suppress the weapon and other evidence seized at the time of his arrest. Subsequently, Stoudemire pled guilty but reserved the right to appeal. On December 10, 1991, after holding two hearings on the motion to suppress, the district court issued a memorandum opinion denying the motion.
 
 II.
 
 6
 We first look at what constitutes a seizure for purposes of the Fourth Amendment. Stoudemire argues that Officer Franks' instruction to the group was, in effect, a seizure. The United States responds that a seizure did not occur until the officers physically tackled Stoudemire when he fled moments after Frank's command.
 
 
 7
 Stoudemire advocates a broad definition of seizure in order to suppress evidence seized after Stoudemire failed to follow Franks' instruction. Stoudemire states that Franks did not meet the reasonable suspicion requirements before instructing the group. Police officers must be able to articulate specific facts that generate a reasonable suspicion of criminal activity before executing a protective frisk. Terry v. Ohio, 392 U.S. 1, 21 (1968). Otherwise, the seizure of evidence during a frisk violates the Fourth Amendment. Id. Stoudemire argues that evidence found after the subsequent tackle was obtained illegally and should be excluded.
 
 
 8
 We are on this record unwilling to accept Stoudemire's contention that the lower court should have excluded the evidence. Stoudemire was not seized until the moment in time when the police tackled him. A seizure under the Fourth Amendment "requires either physical force ... or, where that is absent, submission to the assertion of authority." California v. Hodari D., 111 S.Ct. 1547, 1551 (1991). In the present case, Franks' command constituted only an assertion of authority. Stoudemire did not submit to Franks' show of authority prior to fleeing. Therefore, the evidence was not obtained illegally and should not be excluded.
 
 
 9
 The Hodari D. test changes the standard for a Fourth Amendment seizure as articulated in United States v. Mendenhall, 446 U.S. 544 (1980). In Mendenhall, the Supreme Court held that a seizure occurs when a reasonable person would believe that he is not free to leave in light of the surrounding circumstances. Id. at 554.
 
 III.
 
 10
 Stoudemire also argues that the officers did not have sufficient grounds for a Terry investigative seizure when they tackled him. The district court wrote that Stoudemire's flight, under the surrounding circumstances, gave the officers a basis for a Terry stop. However, the act of tackling Stoudemire was not merely a Terry protective frisk, but rose to the level of an arrest for which probable cause was required. See Dunaway v. New York, 442 U.S. 200, 209-210 (1979) (holding that probable cause is required for an arrest except in a case like Terry ). Therefore, the issue in this case is whether the officers had probable cause for tackling Stoudemire.
 
 
 11
 In the probable cause inquiry, we need not decide whether flight alone provides a sufficient basis for tackling Stoudemire. We can consider other factors in this case. The police knew that Heaton Street is in a high crime area. The group moved away from the street when Stoudemire and the others saw the police cars, and they seemed nervous. Stoudemire put his hand in his pocket as he ran away. In light of these particular circumstances, the police officers had probable cause to make an arrest by tackling Stoudemire.
 
 
 12
 Accordingly, the district court's decision is hereby affirmed.
 
 
 
 *
 The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation